

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Compton White
County Auditor
Freestone County
Fairfield, Texas

Dear Sir:

Opinion No. O-5035
Re: Are the county officials of
Freestone County entitled to
a refund from the county for
bond premiums paid by them
from October 3, 1941, to De-
cember 31, 1942?

Your letter of January 13, 1942, requesting the
opinion of this department on the matters stated therein
reads as follows:

"I am advised by the County Attorney of Free-
stone County, Texas, that the 47th Legislature
enacted H. B. No. 524, which appears as Chapter
629, acts of Regular Session which authorizes pay-
ments of official bond premiums for the County
Treasurer, County Auditor, County Superintendent
of Schools and County Commissioners out of the
County General Fund. Also are the above named
officials entitled to a refund from the county
for bond premiums paid by the above named offi-
cers from October 3rd, 1941, effective date of
this law to December 31st, 1942?

"Please give me an opinion on the two above
propositions at your earliest convenience."

It is noted that you state in effect that you have
been advised that the premiums on the official bonds of the
County Treasurer, County Auditor, County Superintendent of
Schools, and County Commissioners can be paid out of the Gen-
eral Fund of the County. Freestone County has a population

of 21,136 inhabitants according to the 1940 Federal Census, therefore, all of the county officials of said county must be compensated on an annual salary basis as required by Section 13 of Article 3912e, Vernon's Annotated Civil Statutes. The premiums on the official bonds of the above mentioned officials cannot legally be paid out of the General Fund of the County, but such premiums for the official bonds of said officials must be paid out of the Officers' Salary Fund. Our opinion No. O-4183 holds in effect that the premiums on the bonds of the County Treasurer, County Auditor and County Commissioners and the County School Superintendent must be paid out of the Officers' Salary Fund. As you have been furnished a copy of this opinion we deem it unnecessary to send you another copy herewith.

With reference to your second question regarding reimbursement from the county for bond premiums paid by the above named officers from October 3, 1941, to December 31, 1942, it will be noted that Section (b) of Article 3899, Vernon's Annotated Civil Statutes provides in part:

"Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on official bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on official bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the commissioners' court once each month for the ensuing months, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing months, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses.

Honorable Compton White, Page 3

". . . . All such approved claims and accounts shall
be paid from the Officers' Salary Fund unless other-
wise provided herein."

Ordinarily bond premiums as mentioned in the fore-
going statute, are paid in advance covering a period of one
year. The statute (Article 3899) as amended became effect-
ive October 3, 1941. When the County Treasurer, County
Auditor, County Commissioners and the County School Super-
intendent made their official bonds for the year 1941, said
statute authorizing the above named officials to charge
necessary bond premiums to the county was ineffective. There-
fore, it is our opinion that the county cannot legally re-
imburse the county officials heretofore mentioned for bond
premiums paid by them for the year 1941.

The statute (Article 3899) was effective when said
officials made their official bonds for the year 1942. How-
ever, there are no facts before us that would indicate that
said county officials complied with the provisions of said
statute in presenting their applications to the Commissioners'
Court endorsed by the County Auditor as to whether funds
were available in the Officers' Salary Fund for payment of
such expenses, stating the kind, probable amount of expend-
iture and the necessity for expenses for bond premiums to be
passed on, predetermined and allowed by the Commissioners'
Court. It will be noted that the statute makes no provision
for a refund or reimbursement for bond premiums paid by said
county officials. Unless said county officials complied with
the provisions of the statute as heretofore mentioned, it
is our opinion that the county cannot legally reimburse the
county officials for bond premiums paid by them. In the ab-
sence of any facts to the contrary, we assume that the county
officials did not comply with the provisions of Article 3899,
supra. If we are correct in this assumption, you are respect-
fully advised that the county cannot now legally refund or
reimburse the county officials for bond premiums paid by them
for the year 1942.

APPROVED FEB 19, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant

AW:mp

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN